**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK TOBIAS, Derivatively on Behalf of Nominal Defendant WALGREENS BOOTS ALLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY C. WENTWORTH, MANMOHAN MAHAJAN, RICK GATES, JANICE M. BABIAK, INDERPAL S. BHANDARI, GINGER L. GRAHAM, BRYAN C. HANSON, ROBERT L. HUFFINES, VALERIE B. JARRETT, JOHN A. LEDERER, STEFANO PESSINA, THOMAS E. POLEN, and NANCY SCHLICHTING, <br><br> Defendants, <br><br> and <br><br> WALGREENS BOOTS ALLIANCE, INC., <br><br> Nominal Defendant. | Case No.: 1:24-cv-07755 <br><br> Hon. Joan B. Gottschall |
| LAWRENCE HOLLIN, Derivatively on Behalf of Nominal Defendant WALGREENS BOOTS ALLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY C. WENTWORTH, JANICE M. BABIAK, INDERPAL S. BHANDARI, GINGER L. GRAHAM, BRYAN C. HANSON, ROBERT L. HUFFINES, VALERIE B. JARRETT, JOHN A. LEDERER, STEFANO PESSINA, THOMAS E. POLEN, NANCY SCHLICHTING, | Case No.: 1:24-cv-08244 <br><br> Hon. Joan B. Gottschall |

1

| | |
|---|---|
| MANMOHAN MAHAJAN, and RICK GATES,<br><br>      Defendants,<br><br> and<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>      Nominal Defendant. | |
| GERALD JOSEPH LOVOI, Derivatively on Behalf of WALGREENS BOOTS ALLIANCE, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>TIMOTHY C. WENTWORTH, JANICE M. BABIAK, INDERPAL S. BHANDARI, GINGER L. GRAHAM, BRYAN C. HANSON, VALERIE B. JARRETT, JOHN A. LEDERER, STEFANO PESSINA, THOMAS E. POLEN, NANCY SCHLICHTING, MANMOHAN MAHAJAN, RICK GATES, and TRACEY D. BROWN,<br><br>      Defendants,<br><br> and<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>      Nominal Defendant. | Case No.: 1:24-cv-09110<br><br>Hon. Joan B. Gottschall |

**ORDER TO CONSOLIDATE AND APPOINT CO-LEAD COUNSEL FOR <u>PLAINTIFFS IN THE CONSOLIDATED DERIVATIVE ACTION</u>**

2

Upon consideration of the Parties' Agreed Motion to Relate and Consolidate Pursuant to Local Rule 40.4 and Fed. R. Civ. P. 42 and Appoint Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Actions (the "Motion"); the Court's minute entry granting Plaintiffs' Motion; and for good cause shown, it is HEREBY ORDERED that:

1. The following actions (together, the "Consolidated Derivative Actions") are hereby related and consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:24-cv-07755.

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Tobias v. Wentworth et al.* (the "*Tobias* Action") | 1:24-cv-07755 | August 27, 2024 |
| *Hollin v. Wentworth et al.* (the "*Hollin* Action") | 1:24-cv-08244 | September 10, 2024 |
| *Lovoi v. Wentworth, et al.* (the "*Lovoi* Action") | 1:24-cv-09110 | September 27, 2024 |

2. All papers filed in the Consolidated Derivative Actions shall be made in the *Tobias* Action and shall bear the following caption: *Tobias v. Wentworth et al.*, Case No. 1:24-cv-07755.

3. The following law firms are designated Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530

Telephone: (516) 683-3516
Email: tjm@rl-legal.com

4. Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Derivative Actions, determine and present to the Court and opposing parties Plaintiffs' position on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs in the Consolidated Derivative Actions. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiff except through Co-Lead Counsel.

5. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Actions, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of the Consolidated Derivative Action is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of the Consolidated Derivative Actions, and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise

ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving Walgreens filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated into the Consolidated Derivative Action.

6. All papers and documents previously filed and/or served in the *Tobias* Action, *Hollin* Action, and *Lovoi* Action shall be deemed a part of the record in the Consolidated Derivative Actions.

7. To the extent they have not already been served, the Defendants accept service of the complaints in the *Tobias* Action, *Hollin* Action, and *Lovoi* Action.

8. The Parties shall have 60 days upon acceptance of this Order to submit a proposed schedule, and Defendants are not required to respond to the complaints, or any operative or consolidated complaint designated or filed by Plaintiffs, until the date set by the Court in ruling on the proposed schedule.

9. The Parties reserve all rights.

**IT IS SO ORDERED.**

Dated November 8, 2024 /s/ Joan B. Gottschall
United States District Judge